72 F.3d 920
 315 U.S.App.D.C. 281
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES, Appellee,
v.
Francis ESTRELLA, Appellant.
 Nos. 91-3144, 91-3186, 91-3259, 94-3119 and 95-3002.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 20, 1995.
 
 Appeals from the United States District Court, for the District of Columbia, Nos. 90cr00336-01 and 90cr00336-02; Royce C. Lamberth, District Judge.
 AFFIRMED.
 Before: WALD, SENTELLE and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 Defendants appeal from judgments of the United States District Court for the District of Columbia. The matter was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by the Court that the judgments of the District Court are affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely filed petition for rehearing. See D.C.Cir.Rule 41(a).
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellants Francis Estrella and Francisco DeLima appeal their convictions for possession with intent to distribute cocaine. They each also appeal the district court's denial of their individual motions for a new trial. Because neither presents sufficient reason to reverse the district court, we affirm.
 
 BACKGROUND
 
 5
 This case involves a sting operation that apparently resulted from a wrong number. On October 29, 1989, Detective Greg Kroes of the Prince William County Police Department received a call on his pager from a New Jersey phone number. He returned the call and eventually spoke to a Ms. Ortiz, whom he had not previously met, who said that a man named "Francis" wanted to sell Kroes cocaine. In a series of phone calls, during which Detective Kroes spoke to Francis or to associates of Francis, Kroes arranged to buy a kilogram of cocaine. The deal was to occur in a room at the Days Inn in Manassas, Virginia.
 
 
 6
 At 8:15 p.m. on November 1, 1989, Officer Kroes received and returned a page from a D.C. phone number. He again spoke to Francis and one of the associates of Francis, who urged Kroes to come to Washington, where they had arranged for a place to make the deal. Kroes refused to leave Manassas, and the two men agreed to come to Room 261 in the Manassas Days Inn after Kroes agreed to pay for their cab. In a second phone call, Kroes directed the cab driver to the hotel and to pick up his fare at the hotel's front desk.
 
 
 7
 A short time after 9 p.m. that evening, appellants arrived at the Days Inn in Manassas in a cab, whose driver entered the hotel along with the appellants. Only the appellants proceeded to Room 261, where Kroes met them. Upon meeting Kroes, appellants indicated that they were looking for a friend of theirs, and, not seeing their friend in the room, decided to leave immediately. They were then arrested.
 
 
 8
 Upon arrest, the police searched the two appellants, seizing two train tickets from Washington to Trenton, New Jersey, and two keys later discovered to fit Rooms 828 and 829 of a Days Inn on K Street in Washington, D.C. After having made out an affidavit, which included some alleged misstatements about the extent of the investigation at the time the affidavit was made, and having obtained a warrant, the police searched these rooms. The search revealed about 1.1 kilograms of cocaine hidden above the ceiling panels in Room 828. Estrella and DeLima were each charged with one count of possession of cocaine with intent to distribute.
 
 
 9
 At trial, the government presented substantial evidence tying the accused to the deal, primarily based on the events of November 1, 1989. Officer Kroes also testified about two conversations he had with Ms. Ortiz after the appellants were arrested. The district court admitted a tape of one of these conversations with Ortiz as physical evidence that this conversation occurred. The court also admitted photocopies of Kroes' long-distance phone bills that the government claimed corroborated the exchanges between Kroes and various members of the conspiracy.
 
 
 10
 The jury found the appellants guilty as charged. The court later denied a motion for a new trial filed by both appellants, who each alleged that their pre-trial counsel was ineffective for failing to pursue alleged misstatements made in the affidavit underlying the warrant. DeLima also protested several omissions of his counsel during trial itself.
 
 
 11
 In the instant action, both Estrella and DeLima appeal their convictions and the denials of their new trial motions by the district court.
 
 DISCUSSION
 
 12
 Although appellants bring other claims, the only issue that needs discussion examines whether the district court abused its discretion in admitting Detective Kroes' long-distance telephone bills without authentication by the custodian of these records. See United States v. Kim, 595 F.2d 755, 763 n. 38 (D.C.Cir.1979). Although the district court may have erred in admitting these bills, we conclude that any error was not sufficiently prejudicial to oblige reversal.
 
 
 13
 No parties dispute that the information that appears on a long-distance telephone bill is within the general definition of hearsay, see FED.R.EVID. 801(c), and, consequently, should be excluded from evidence unless a specific exception allows its admission. See FED.R.EVID. 802. Rule 803(6), however, provides a business-record exception to the hearsay rule. That rule provides that a business record may be admitted if it is
 
 
 14
 made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the [record] ..., all as shown by the testimony of the custodian or other qualified witness....
 
 
 15
 FED.R.EVID. 803(6). The rule does not specify precisely who is a "custodian or other qualified witness." In practice, however, a party wishing to introduce phone bills also generally presents an employee of the pertinent telephone company who is knowledgeable about the company's process in recording, compiling, and printing the data that appears in the phone bill. See, e.g., United States v. Vela, 673 F.2d 86, 89-90 (5th Cir.1982).
 
 
 16
 In this case, the government did not present an employee of the telephone company. We do not understand why the government did not take the time to present such a witness. Nor do we intend the government to think that our ruling here endorses such omissions. In future cases, we fully expect that the government will introduce suitable authenticating witnesses and otherwise adhere to applicable evidentiary rules.
 
 
 17
 In this case, however, even if we assume that the authentication offered by the government was not sufficient, any error must be thought harmless. The record demonstrates more than enough evidence unrelated to the phone records to sustain the appellants' convictions for possession with intent to distribute. Given the overwhelming evidence indicating that the appellants were drug dealers, the exclusion of the phone records could not have affected a reasonable jury's decision to convict both appellants.
 
 
 18
 We have carefully reviewed appellants' other claims, and conclude that none present issues requiring discussion. None likewise provide grounds for reversing the district court.
 
 CONCLUSION
 
 19
 For the foregoing reasons, we affirm the conviction of each appellant, and the district court's denial of each appellant's motion for new trial.